**FILED**
**Dec 08, 2022**
**12:19 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | | |
|---|---|---|
| **STEVEN QUALLS,** | ) | **Docket No. 2022-02-0451** |
| **Employee,** | ) | |
| **v.** | ) | |
| **FEDERAL MOGUL,** | ) | **State File No. 800994-2002** |
| **Employer,** | ) | |
| **And** | ) | |
| **INDEMNITY INSURANCE** | ) | **Judge Brian K. Addington** |
| **COMPANY OF NORTH AMERICA,** | ) | |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER DENYING MEDICAL BENEFITS
### *Decision on the Record*

Mr. Qualls sought an order that Federal Mogul furnish medical benefits for an alleged back injury. Federal Mogul disputed the back condition arose primarily out of and in the course and scope of employment. The Court holds Mr. Qualls did not introduce any medical evidence proving that his condition arose out of and in the course and scope of his employment and denies the requested medical benefits.

## Claim History

Mr. Qualls alleged a work injury to his back while picking up a heavy box on June 24, 2022.[1] After his shift, he went to the emergency room because his pain worsened. The emergency room doctor documented the history provided: "The onset was [sic] past two weeks, gradually worsening. Type of injury: none. The location where the incident occurred was at home. . . . [S]tates he lifts heavy objects at work and felt worsening pain today." He received an injection for the pain, and the doctor released him with light-duty restrictions with instructions to follow up with his primary doctor. Mr. Qualls notified his supervisor, who told him to obtain more specific restrictions from his doctor.

---

[1] Mr. Qualls's Petition for Benefit Determination listed the injury date as June 25, 2022. Later, he realized the injury happened on June 24 instead.

Four days later, Mr. Qualls saw his primary provider, nurse Jennifer Dyer. She noted the following in her records:

> Pain continues and is radiating down leg did not schedule with [orthopedist] so will refer to neurosurgeon based on symptoms. [He] tells me he is unsure really how it happened. States he thought he blew his back out but unsure how. He does work at an auto parts store and does a lot of lifting.

Later, Ms. Dyer documented in an office memo that Mr. Qualls never told her or the emergency room doctor that he injured his back at work. She wrote that she would not change anything in her records and recommended he contact someone else. Further, Ms. Dyer completed a questionnaire stating that Mr. Qualls's back pain was not primarily related to a work injury.[2]

In August, Federal Mogul provided a physician panel from which Mr. Qualls selected; however, it is unknown whether he ever saw the selected physician.

In September, Mr. Qualls sought unauthorized treatment with Dr. Jeffrey Peterson, an orthopedic surgeon. In his office note, Dr. Peterson wrote, "He states that while at work in June he bent over and picked up a heavy box and felt pain in his back." Dr. Peterson noted his physical findings from the examination but did not address any future care, prescribe medications, suggest any options for Mr. Qualls's treatment, or state whether his pain was caused by the alleged work injury.

In addition to medical proof, the parties submitted affidavits of Mr. Qualls and two of his supervisors, Victor Stewart and John Kleinschmidt. Mr. Qualls's affidavit described lifting a heavy box on June 24 and having back pain. The affidavits of Mr. Stewart and Mr. Kleinschmidt stated that Mr. Qualls did not report an injury or say that his work restrictions were due to a work injury. The two supervisors also stated the first time they learned of his workers' compensation claim was after Mr. Qualls filed the Petition for Benefit Determination.

### Findings of Fact and Conclusions of Law

Mr. Qualls must present sufficient evidence to show he is likely to prevail at a final hearing. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2022). He has not done so.

To meet this burden, Mr. Qualls must show to a reasonable degree of medical

---

[2] Nurses,cannot offer- causation opinions. *Dorsey v. Amazon.com,* 2015 TN Wrk. Comp. App. Bd. LEXIS 13, at *9 (May 14, 2015).

certainty that lifting the box at work contributed more than fifty percent in causing the need for his medical treatment, considering all causes. Tenn. Code Ann. § 50-6-102(12).

Here, Mr. Qualls submitted no medical proof that he injured his back at work on June 24, 2022. Instead, the records show he sought treatment for back pain that started at home two weeks before the alleged work injury. Further, the office note of Dr. Peterson only recites the history provided by Mr. Qualls. It does not address whether his current symptoms are primarily related to the alleged injury. Therefore, the Court holds Mr. Qualls is not likely to prevail at a hearing on the merits that he is entitled to benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Qualls's request for medical benefits is denied.

2. This case is set for a Status Hearing on **January 31, 2023, at 1:00 p.m. Central Time**. The parties must call **(855) 543-5044**. Failure to call may result in a determination of the issues without the party's participation.

**ENTERED December 8, 2022.**

_____/S/ Brian K. Addington_____

**Brian K. Addington, Judge**
**Court of Workers' Compensation Claims**

3

**Appendix**

Exhibits:
1. Affidavit of Steven Qualls
2. Employee's Choice of Physician Medical Panel
3. Wage Statement
4. Declaration of Victor Stewart
5. Declaration of John Kleinschmidt
6. Medical records-Ascension Saint Thomas
7. Medical records-The Health Group of McMinnville
8. Questionnaire
9. Medical records of Dr. Jeffrey Peterson

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Expedited Hearing Brief
5. Employer's Expedited Hearing Exhibit List

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as indicated on December 8, 2022.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Christopher Markel, Employee's Attorney | | X | cmarkel@markelfirm.com jdickey@markelfirm.com |
| Chris Rowe, Employer's Attorney | | X | cgrowe@mijs.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

5



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*